**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONY A. BERGER,

        Plaintiff - Appellant,

v.

MIKE SHOPA; KATHY SHOPA; WAYNE
LYNN BOUNDS; CATHY SHELTON;
COUNTY OF COCHISE; TREVOR J
WARD, Judge, Precinct No.4,

        Defendants - Appellees.

No. 25-1020

D.C. No.
4:24-cv-00262-RCC-EJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted May 26, 2026[**]

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Tony A. Berger appeals pro se the district court's judgment dismissing his

action alleging federal and state law claims. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)).  We may affirm on any ground supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

The district court properly dismissed Berger's claims against Ward for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Berger's claims are a "de facto appeal" of a prior state court judgment, and he raises claims that are "inextricably intertwined" with that judgment.  *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (*Rooker-Feldman* doctrine barred claim that was "inextricably intertwined" with the state court's decision); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

Dismissal of Berger's contract and Fourteenth Amendment claims against the Shopas was proper.  *See Heinrichs*, 474 F.3d at 616 (*Rooker-Feldman* claims)*; Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (setting forth elements of a § 1983 claim).

The district court properly dismissed Berger's *Monell* claim because Berger

2                                                                    25-1020

failed to allege facts sufficient to show any unconstitutional policy or practice.  *See Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) (setting forth requirements for alleging a *Monell* claim).

Dismissal of Berger's claims against Bounds and Shelton was proper because Berger lacks standing to compel the investigation or prosecution of another person.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**